OPINION
{¶ 1} Defendant-appellant Thomas G. Lengyel appeals the May 13, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas which denied his Crim.R. 29 motion for a judgment of acquittal, and the May 28, 2002 Judgment Entry which imposed sentence on his conviction for one count of burglary. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 10, 2001, the Tuscarawas County Grand Jury indicted appellant with one count of burglary, in violation of R.C.2911.12(A)(1), and one count of attempted rape, in violation of R.C.2907.02. At his October 15, 2001 arraignment, appellant plead not guilty to the charges. The matter proceeded to trial on April 1, 2002. At that time, the following evidence was adduced.
 {¶ 3} On the evening of September 6, 2002, Lynda Williams went to bed around 9:30 p.m. Williams lives alone in a single family home in Dover, Ohio. Ms. Williams awoke in the early morning hours to find the shadow of a figure standing by her bed. She started to scream and the intruder ripped the covers from her body and jumped on top of her. He put one hand over her mouth and tried to pull off her underwear with his other hand. Williams struggled with the attacker, hitting him and knocking his glasses askew. When the intruder removed his hand from her underwear to fix his glasses, Williams continued to struggle and was able to roll off the bed. She asked the attacker who he was and why he was doing this. The intruder fled from Williams' bedroom.
 {¶ 4} After the intruder fled, Williams heard a crash in the hallway. When she turned on the light, she saw appellant sprawled on the floor. Apparently, appellant had tripped over a chair in the dark hallway. Williams clearly saw appellant's face.
 {¶ 5} Williams knew appellant. They had been co-workers and had dated briefly several months prior to the attack. Williams testified appellant did not say a word during the attack, but did have a strong odor of alcohol about him. As Williams called 911, appellant got up and ran out the door. Appellant was apprehended and arrested later that evening.
 {¶ 6} The police investigation revealed appellant broke a window on the main door to gain access to Williams' home. The 911 tape was also admitted and clearly depicted a frantic Williams stating, "Oh, please come to my home, somebody just broke into my house. Oh my god, * * * he tried to rape me."
 {¶ 7} Williams testified she broke off the brief relationship with appellant because appellant had become abusive and controlling. However, appellant continued to initiate unwanted contact with Williams and continued to harass her at home and at work, notwithstanding her repeated request appellant leave her alone. Eventually, Williams blocked appellant's calls from her phone, complained to her supervisors about his harassing behavior at work, and even consulted the prosecutor's office about a restraining order in July, 2002. Williams had no contact with appellant from late July or early August until the night of the attack.
 {¶ 8} After hearing the evidence, the jury found appellant guilty of burglary and not guilty of attempted rape. Appellant moved, pursuant to Crim.R. 29 for an acquittal on the burglary charge. The trial court denied appellant's motion for acquittal and set a sentencing hearing. In a May 28, 2002 Judgment Entry, the trial court sentenced appellant to four years in prison for the burglary conviction.
 {¶ 9} It is from this judgment entry, and the May 13, 2002 Judgment Entry denying his motion for acquittal appellant prosecutes his appeal, raising the following assignment of error for our review:
 {¶ 10} "I. The Judgment Rendered By The Jury Finding The Defendant Guilty Of Burglary Was Unsupported By Sufficient Evidence And Against The Manifest Weight Of The Evidence."
 I {¶ 11} In appellant's sole assignment of error, he maintains the jury lost its way finding him guilty of burglary because it had acquitted him of the offense of attempted rape. Specifically, appellant contends because he was acquitted of attempted rape, the jury was without evidence to support its conclusion he was guilty of burglary, i.e., trespassing in an occupied structure with the intent to commit a criminal offense. We disagree.
 {¶ 12} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 13} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1, 227 N.E.2d 212.
 {¶ 14} Burglary is defined in R.C. 2911.12 as follows:
 {¶ 15} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 16} "(1) Trespass in an occupied structure * * *when another person * * * is present, with purpose to commit in the structure * * * any criminal offense."
 {¶ 17} Appellant claims there can be no greater demonstration of insufficient evidence to support a guilty verdict on the burglary charge than his acquittal for attempted rape. However, in order to prove the crime of burglary, the State only had to show appellant trespassed in an occupied structure where another person was present and appellant had the intent to commit a crime. The statute does not require the State actually prove the crime intended was actually committed, it only indicates the State must prove a crime was intended. We find the record contains sufficient evidence from which the jury could conclude appellant intended to commit a crime during his trespass in Williams' apartment.
 {¶ 18} As noted above, appellant broke into Williams' apartment by breaking a window in the door. Further, appellant knew Williams and had dated her only months before the incident. Notwithstanding this previous relationship, and the manner in which the relationship had ended, appellant said nothing to Williams despite her repeated request for him to identify himself. The jury also heard Williams testify appellant leapt onto her bed, held her down and tried to remove her underwear. Further, Williams indicated she broke up with appellant because of his abusive and controlling behavior. Even after terminating the relationship, appellant continued to harass Williams in her work place. It was only after Williams spoke to the police that appellant broke off communications with her.
 {¶ 19} When viewing this evidence in a light most favorable to the prosecution, we cannot find the jury lost its way and created such a manifest miscarriage of justice that its judgment must be reversed. Further, we find sufficient evidence to support a guilty verdict on the burglary charge.
 {¶ 20} Appellant's sole assignment of error is overruled. The May 13, 2002, and May 28, 2002 Judgment Entries of the Tuscarawas County Court of Common Pleas are affirmed. By: Hoffman, P.J.
Wise, J. and Edwards, J. concur topic: manifest weight